**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3239
_____

UNITED STATES OF AMERICA

v.

RONALD J. GARDNER, JR.,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 05-86)
District Judge: Hon. Joy F. Conti

Submitted May 11, 2011

Before:  SMITH, CHAGARES, and VANASKIE, <u>Circuit</u> <u>Judges</u>.

(Filed: May 31, 2011)

_____

OPINION
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Ronald Gardner appeals his conviction on the ground that the District Court erred

by providing a misleading jury instruction regarding the explanation of reasonable doubt.

Gardner contends that the instruction, mirroring this Court's Model Jury Instructions,

allowed the jury to convict him based upon a standard below reasonable doubt. For the reasons that follow, we will affirm the judgment of conviction.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. Gardner owned and operated the sole proprietorship, Gardner Detective Agency. Beginning in 1992, Gardner stopped paying federal, state, and local taxes. At this same time, Gardner took steps to conceal his income by ceasing to use his Employer Identification Number ("EIN") and by providing false EINs to his customers. Gardner also created "pure trusts," considered to be sham instruments, and transferred his business and other assets into these trusts. Additionally, he closed his bank account, cashed his checks at a local grocery store, paid employees in cash and requested his clients pay him in cash. After studying tax laws, Gardner concluded that the tax laws did not apply to him.

On July 12, 2010, Gardner was tried before a jury for one count of corruptly endeavoring to impede or obstruct due administration of the Internal Revenue law pursuant to 26 U.S.C. § 7212(a) and three counts of willfully failing to file tax returns pursuant to 26 U.S.C. § 7203. During trial, the Government submitted to the District Court its proposed jury instruction explaining the concept of reasonable doubt. The proposed jury instruction followed this Court's Model Jury Instructions, and stated in part:

> In order for you to find RONALD J. GARDNER, JR., guilty of the offense charged, the government must convince you that RONALD J. GARDNER, JR., is guilty beyond a reasonable doubt. That means, as I have instructed

2

you, that the government must prove each and every element of the offense beyond a reasonable doubt. A defendant may not be convicted based upon suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense or experience. It is doubt that an ordinary person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty for that offense.

Appendix 58-59 (emphasis added). Gardner objected to the proposed instruction, concerned that it instructed the jury to employ the same analysis towards the Government's evidence as the jurors would towards important life decisions, and proposed his own reasonable doubt jury instructions. Despite Gardner's objections, the District Court chose to use the Government's proposed instructions. Gardner was found guilty on all four counts. On July 12, 2010, Gardner was sentenced to twenty-one months of imprisonment. Gardner filed a timely appeal.[1]

## II.

"We exercise plenary review to determine whether jury instructions misstated the applicable law, but in the absence of a misstatement we review for abuse of discretion."

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

Cooper Distrib. Co. v. Amana Refrigeration, Inc., 180 F.3d 542, 549 (3d Cir. 1999).

"When an attack upon a jury charge is based upon the trial court's instruction on reasonable doubt, 'the constitutional question . . . is whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the [constitutional] standard.'" United States v. Hernandez, 176 F.3d 719, 728 (3d Cir. 1999) (quoting Victor v. Nebraska, 511 U.S. 1, 6 (1994)).

The Due Process Clause mandates that the Government must prove a defendant's guilt beyond a reasonable doubt. Victor, 511 U.S. at 22. We have recognized that "[r]easonable doubt is not an easy concept to understand, and it is all the more difficult to explain." Hernandez, 176 F.3d at 728. In fact, a district court is not required to define reasonable doubt provided that the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt. Victor, 511 U.S. at 5. However, when a trial court does define the term, it is not bound by any "particular form of words," but must ensure that "'taken as a whole, the instruction correctly [] convey[s] the concept of reasonable doubt to the jury.'" Id. (quoting Holland v. United States, 348 U.S. 121, 140 (1954)).

Gardner contends that the District Court's reasonable doubt instruction's analogy to important decisions in everyday life did not properly convey the requirement that the jurors' reach a subjective state of near certitude. Gardner argues that likening a determination of reasonable doubt to important life decisions dilutes the standard because decisions in daily affairs involve higher degrees of uncertainty and risk-taking. In support of this argument, Gardner primarily relies on Justice Ginsburg's concurrence in

4

Victor which notes that "hesitant to act" language in defining reasonable doubt is "unhelpful."  511 U.S. at 24.

Considering this language in the context of the full charge, we find no reasonable likelihood that the jury understood the instruction to permit conviction upon less than proof beyond a reasonable doubt.  See United States v. Jacobs, 44 F.3d 1219, 1225-26 (3d Cir. 1995) (approving reasonable doubt jury instructions that included hesitation to act in the most important life affairs language).  There is no indication that the instructions were misleading or confusing.  Hence, the District Court did not abuse its discretion in refusing Gardner's proposed jury instructions.

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.